IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02137-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 24 2009

GREGORY C. LANGHAM
CLERK

MARIO A. HOLMES (14179-045),

    Applicant,

v.

(WARDEN) BLAKE DAVIS,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Mario A. Holmes, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Administrative Maximum Federal Prison (ADX) in Florence, Colorado. Mr. Holmes initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On September 21, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On October 13, 2009, Respondent filed a preliminary response. Applicant has not filed a Reply.

The Court must construe Mr. Holmes' filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Holmes contends that the BOP has miscalculated the length of his sentence. Application at 7. Mr. Holmes asserts that his continued incarceration at ADX is illegal, because he contends that he is due to be released to a residential re-entry center. *Id.* As relief, Mr. Holmes seeks immediate release from BOP custody. *Id.* at 8.

Respondent argues that Mr. Holmes has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Holmes has filed formal administrative remedies relating to the length of his sentence only at the institutional and regional levels. Response at 5. Respondent asserts that Mr. Holmes has not filed an administrative appeal to the Central Office, and therefore, that Mr. Holmes has not exhausted his administrative remedies with regard to the claims he raises in the application. *Id.* Although Mr. Holmes asserts that his claims are exhausted because he has sent "cop-outs" to the warden and his case managers, Application at 3, the record confirms that Mr. Holmes has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Response at Ex. 3; Ex. 4.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper

exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Holmes. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

The exhaustion requirement may be waived if exhaustion would be futile. *See **Fraley v. U.S. Bureau of Prisons**,* 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." ***Holman v. Booker**,* No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998) (unpublished decision). Mr. Holmes does not assert that exhaustion of his claims would be futile.

Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 23 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-2137-BNB

Mario A. Holmes
Reg No. 14179-045
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

Lisa A. Christian
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/24/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk